# CHARLESTON.

## LUDINGTON *v.* HANDLEY.

### February 25, 1874.

L. & M. file a bill in chancery, praying for an injunction and general relief against a judgment for the payment of money, on the ground of newly, or after discovered testimony, that the debt was paid off and discharged.—HELD:

1874.
January Term.

1. That the plaintiffs must show that they have used due diligence, or been guilty of no laches.

2. That, if the evidence is manifestly insufficient to sustain the defence set up, that the injunction was properly dissolved and the bill dismissed.

An appeal, by Ludington, from a decree of the circuit court of Greenbrier county, rendered on the 13th day of October, 1871, dissolving an injunction and dismissing a bill, in a suit therein pending, wherein Samuel C. Ludington and H. D. McClintic were complainants and Austin Handley and J. H. Otey Cary as late partners, composing the firm of Handley & Cary and Alexander Knight then sheriff of Greenbrier county, were respondents.

The decision of the suit, here, depended, alone, upon the sufficiency of the evidence produced in support of the allegations in the bill to entitle the complainant to the relief asked. This is sufficiently set forth in the opinion of the Court, and, therefore, renders any further statement unnecessary.

The Hon. Joseph M. McWhorter, judge of said circuit court, presided at the rendition of the decree appealed from.

*Miller & Quarrier* for the appellants.

*Robert F. Dennis* and *Adam C. Snyder* for the appellees.

PAULL, JUDGE.

The appellants in this case filed a bill in the circuit court of Greenbrier county, to enjoin the collection of a judgment, obtained by the defendants against the plaintiffs on a promissory note, about eighteen months previous to the filing of the bill. The complainants allege "that since the said judgment was rendered, indeed within the last few days that they have discovered evidence that shows conclusively, that the said negotiable note was long since paid off and discharged, by the maker, Joseph D. Bell, who had departed this life before the said suit was instituted; that although they believe that the debt was paid, they were ignorant of the means of establishing the fact, and could not, although they used all possible diligence, discover the evidence above alluded to, which has just come to their knowledge." Upon these allegations the injunction was granted; the defendants appeared and demurred to the bill; filed their answer and proofs were taken. Upon the final hearing the injunction was dissolved and the bill dismissed; and from this decree an appeal is taken to this Court.

It is admitted that courts of equity have jurisdiction to give relief, in some form, where the defence could not, at the time, or under the circumstances, be made available, at law without any laches of the party. 2 Story's Eq. Jur: sec. 895; 6 Rand 142, and other cases referred to. Proper allegations must be made in the bill, and it must appear to the court that all proper diligence has been employed by the party to discover or obtain the evidence upon which he now relies. Assuming the bill to be sufficient upon its face, how does the case stand upon

the evidence? The chief, indeed the only material testimony in the cause is found in the deposition of Thomas A. Bell. He is the father and administrator of Joseph D. Bell, the maker of the original note in controversy, and who it is claimed had paid off and discharged said note to the holders thereof, in his life time. Thomas A. Bell has long lived within a mile and a quarter of one of the complainants, and conversations were had between them upon this subject, to-wit: the payment of this note. He testifies that he informed Ludington that he, or his son, had paid off this note long before, about the time of its maturity, in 1861; but that he (Ludington) seems to have misapprehended what he said, and supposed or believed, that he was speaking of another note about which he made inquiry. Ludington himself testifies, also, to his misapprehension of the information which he had received from Bell, supposing it applied to another debt of Joseph D. Bell, or, at least, not to the note on which the suit was brought. But waiving any consideration of the sufficiency of the evidence as found in the case to prove due diligence on the part of the complainants, and that they have been guilty of no laches, it is most manifest that the evidence upon which reliance is placed, to prove payment of this note, is wholly insufficient for the purpose, and this must prove conclusive of the case.

The testimony taken to prove payment of the note is simply this: The witness, Thomas A. Bell testifies that, in June, 1861, upon the application of his son, the maker of the note, he gave to him an amount sufficient to pay the note and the costs of protest; that on the same day his son went to find Handley and Cary, the holders of the note, and shortly returned and handed him an order on the cashier of the Farmers' Bank for the note, stating that it had been paid off and that the order was signed by the names of Handly and Cary; this order, however, is not produced, nor is it known where it is, and, *moreover*, the witness says he does not know the handwriting of either Handley or Cary, and, of course,

1874.
January Term.

Ludington
v.
Handley.

cannot say whether the order was given by them or not. On the other hand, the defendants, Austin Handley and J. H. O. Cary both testify that said note was never paid to them, and Cary states that no such order as that referred to in the deposition of Bell was ever given. It was thus apparent to the chancellor that there was no ground for perpetuating the injunction, which was therefore properly dissolved. It has been suggested that the injunction should have been continued, and the matter in controversy submitted to a jury by awarding a new trial. But where the testimony is clearly insufficient to sustain the plea of payment, it is not seen upon what equitable grounds the court could again open the door for litigation. The decree dissolving the injunction and dismissing the bill, is affirmed with $30 damages and costs to the appellees.

The other Judges concurred.

DECREE AFFIRMED.